IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TYRONE HAMPTON,

           Petitioner,

     v.

EARL L. HOUSER,

           Respondent.

Case No. 3:22-cv-00245-SLG-KFR

**REPORT AND RECOMMENDATION TO DISMISS PETITION**

On November 9, 2022, Petitioner Tyrone Hampton, a self-represented prisoner, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.[1] At the time of filing, Petitioner indicated he was a pre-trial detainee at Goose Creek Correctional Center.[2] Petitioner challenges his pre-trial detention and alleges a violation of his Sixth Amendment right to "a speedy and public trial."[3]

Specifically, Petitioner alleges that his trial was scheduled for the week of August 22, 2022, however, it did not take place as scheduled.[4] Petitioner attached a Felony 1 Retrial Order to his Petition indicating that date.[5] For relief, Petitioner demands enforcement of the "affirmative constitutional obligation to bring [him] promptly to trial."[6]

The Court takes judicial notice of Petitioner's *closed* criminal case referenced in his petition, *State of Alaska v. Tyrone Hampton*, Case No. 3PA-22-00694.[7]

---

[1] Doc. 1.
[2] *Id*. at 1.
[3] *Id*. at 6.
[4] *Id*. at 7.
[5] *Id*. at 8.
[6] Id. at 9.
[7] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept

According to the public docket, Petitioner's case was "Dismissed by Prosecution" on November 3, 2022, and the case was subsequently closed.

## Screening Requirement

Title 28, United States Code, Section 2241 provides federal courts with general habeas corpus jurisdiction.[8] A petitioner may properly challenge pre-trial detention under 28 U.S.C. § 2241.[9] A court must "promptly examine" a habeas petition.[10] "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."[11]

## Discussion

A writ of habeas corpus allows an individual to test the legality of being detained or held in custody by the government.[12] The writ is "a vital 'instrument for the protection of individual liberty' against government power."[13] Under Section 2241, the District Court may grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States."[14] Section 2241 is the proper avenue for a state prisoner who seeks to challenge his state custody when there is no state judgment.[15]

Federal courts have limited jurisdiction, however, because Article III, Section

---

such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 FN 3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice." (internal quotation marks and citation omitted)).
[8] *Rasul v. Bush*, 542 U.S. 466, 473 (2004).
[9] *See Stow v. Murashige,* 389 F.3d 880, 885-88 (9th Cir. 2004).
[10] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.
[11] *Id.*
[12] *Rasul*, 542 U.S. at 473–74.
[13] *Gage v. Chappell*, 793 F.3d 1159, 1167 (9th Cir. 2015) (quoting *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)).
[14] 28 U.S.C. § 2241(c)(3).
[15] *Stow*, 389 F.3d at 886 ("By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment—for example, a defendant in pre-trial detention or awaiting extradition.") (quoting *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004)).

2 of the United States Constitution only grants federal courts the authority to hear actual cases and controversies. The Constitution's case-or-controversy requirement necessitates that a petitioner must have an actual injury traceable to the defendant (or respondent) that can be remedied with a favorable judicial decision.[16] A petition for a writ of habeas corpus is moot when it no longer presents an actual injury and the relief requested cannot be remedied by a favorable decision from the court.[17] Mootness is jurisdictional; therefore, a moot petition must be dismissed because nothing remains before a court to be remedied.[18]

Upon screening, Petitioner is not entitled to habeas relief pursuant to § 2241 because the Court lacks jurisdiction over his claims as the issue he alleges is moot. The public record of the Alaska Superior Court shows that on November 3, 2022, the prosecution dismissed Petitioner's underlying state case, *State of Alaska v. Tyrone Hampton*, Case No. 3PA-22-00694, and the case was closed. Accordingly, Petitioner is no longer a pre-trial detainee pursuant to Case No. 3PA-22-00694 and no longer faces an alleged injury to his speedy trial rights that can be remedied with a favorable judicial decision.[19] Therefore, his petition is moot.

For the foregoing reasons, the Court lacks jurisdiction over Petitioner's Petition because the issue is moot. Therefore, the Court recommends Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DISMISSED.**

//
//
//
//

---

[16] *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).
[17] *Wilson v. Terhune,* 319 F.3d 477, 479 (9th Cir. 2003); *Burnett v. Lampert,* 432 F.3d 996, 1000–01 (9th Cir. 2005).
[18] *Spencer,* 523 U.S. at 18.
[19] *See United States v. MacDonald*, 456 U.S. 1, 8 (1982) ("The speedy trial guarantee is designed to minimize the possibility of lengthy incarceration *prior to trial*[.]") (emphasis added).

**IT IS THEREFORE RECOMMENDED:**

1. The Petition at Docket 1 be **DISMISSED**.

3. The Clerk of Court be directed to enter a final judgment in this case.

4. A Certificate of Appealability shall not issue.[20]


DATED this 2nd day of March 2023, at Anchorage, Alaska.

*s/ Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[21] A district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's order.[22]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[23] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[24]

---

[20] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

[21] 28 U.S.C. § 636(b)(1)(B).

[22] 28 U.S.C. § 636(b)(1)(C).

[23] *Id*.

[24] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report and Recommendation to Dismiss
*Hampton v. Houser*
3:ABC-cv-00245-SLG-KFR

4